IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JACQUELINE GALE | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-13-487 |
| | : | |
| | : | |
| RAMAR MOVING SYSTEMS, INC. | : | |

**MEMORANDUM AND ORDER**

Plaintiff Jacqueline Gale filed this action in state court seeking compensation for over $17,000 in damage to property allegedly sustained during the interstate transportation of her household goods by defendant Ramar Moving Systems. Ramar removed the action to this court on February 14, 2013, and Gale subsequently filed a motion to remand. Gale argues that, under the well-pleaded complaint rule, this court lacks federal question jurisdiction over her claim.

Contract claims involving the interstate transportation of property, however, are "completely preempted" by the Carmack Amendment, 49 U.S.C. § 14706. *See 5K Logistics, Inc. v. Daily Exp., Inc.*, 659 F.3d 331, 335 (4th Cir. 2011) ("[The Carmack Amendment] has long been interpreted to preempt state liability rules pertaining to cargo carriage . . . 'Almost every detail of the subject is covered so completely [by it] that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it.'") (quoting *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913)); *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 687-89 (9th Cir. 2007). Thus, the Carmack Amendment has been recognized as "among the few statutes" that present federal question

removal jurisdiction even in the absence of a well-pleaded complaint.[1] *See Hall*, 476 F.3d at 687-89; *see also, e.g.*, *Sutherland v. Travelers Ins. Co.*, 85 F.3d 617, at *2 (4th Cir. 1996) (unpublished) ("The moving company defendants removed the case to federal court based on the Carmack Amendments."); *Geyer v. U.S. Van Lines*, 2013 WL 65458, at *2 (S.D. W. Va. Jan. 4, 2013).[2]

Because this court has federal question jurisdiction over all claims over $10,000, not including interest or costs, covered by the Carmack Amendment, *see* 28 U.S.C. § 1445(b), removal was proper. Accordingly, it is hereby ORDERED that:

1. Plaintiff Jacqueline Gale's motion to remand (ECF No. 10) is **Denied**;

2. Gale's motion for leave to file amended complaint (ECF No. 13) is **Granted**; and

3. The Clerk shall send copies of this Memorandum and Order to counsel of record.

|  |  |
|---|---|
| 4/3/13 | /s/ |
| Date | Catherine C. Blake |
|  | United States District Judge |

---

[1] The Carmack Amendment is not one of the four statutes that the Supreme Court itself has, to date, recognized as completely preempting state law claims for jurisdictional purposes. *See Hall*, 476 F.3d at 687 n.3.

[2] Unpublished cases are cited for the soundness of their reasoning, not for any precedential value.