IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACQUELINE GALE      :
             :
  v.          :  CIVIL NO. CCB-13-487
             :
RAMAR MOVING SYSTEMS, INC. :

## MEMORANDUM

Plaintiff Jacqueline Gale brought this action against defendant Ramar Moving Systems, Inc., ("Ramar"), alleging property damage sustained during the interstate transportation of her household goods by Ramar. This action was removed to federal court under the Carmack Amendment on April 3, 2013. Now pending is a motion by Ramar for partial dismissal on Counts I through III of Gale's amended complaint. (ECF No. 18) For the following reasons, Ramar's motion will be granted in part and denied in part.

## BACKGROUND

Gale brought suit in the District Court of Maryland for Frederick County alleging property damage sustained during the interstate transportation and storage of her household goods by Ramar. Gale alleges that certain items she shipped were damaged, while others were not delivered, and that damage occurred to her home and other property at delivery. Ramar removed this action to federal court on the basis that Gale's causes of action were exclusively governed by the Carmack Amendment, 49 U.S.C. § 14706. Gale subsequently filed an amended complaint alleging: I) Breach of Contract; II) Negligence; III) Violations of Maryland Consumer Protection Act; and IV) Claims under the Carmack Amendment. Ramar filed the instant motion on April 24, 2013, seeking to have Counts I through III dismissed.

1

## ANALYSIS

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

As explained below, Gale has failed to state a claim on which relief can be granted as to Count I of her complaint, and as to part of Counts II and III, because her claims are largely preempted by the Carmack Amendment. The Amendment was enacted to address a number of

problems related to the interstate shipment of goods, "[f]oremost among these problems were the disparate schemes of carrier liability that existed among the states, some of which allowed carriers to limit or disclaim liability, others that permitted full recovery." *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008) (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913)). State and common law claims of breach of contract and negligence relating to goods lost or damaged by a carrier during interstate shipment under a bill of lading are within the comprehensive preemptive scope of the Amendment. *See 5K Logistics, Inc. v. Daily Exp., Inc.*, 659 F.3d 331, 335 (4th Cir. 2011) ("[The Carmack Amendment] has long been interpreted to preempt state liability rules pertaining to cargo carriage . . . 'almost every detail of the subject is covered so completely [by the Carmack Amendment] there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it.'") (quoting *Adams Express Co.*, 226 U.S. at 505-06); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 704-06 (4th Cir. 1993). Claims under the Maryland Consumer Protection act have been held preempted as well, where they "relate to representations allegedly made by the carrier's agents as to how the goods were to be packed, when the goods would arrive and the like." *Richter v. N. Am. Van Lines, Inc.*, 110 F. Supp. 2d 406, 412 (D. Md. 2000).

      However, damage resulting from conduct incidental to the interstate transportation of goods is not wholly preempted by the Carmack Amendment. *See, e.g., Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997) ("[L]iability arising from separate harms - apart from the loss or damage of goods - is not preempted."); *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 288-89 (7th Cir. 1997) (finding that the Carmack Amendment preempts common law claims for punitive or emotional distress damages unless the "shipper alleges liability on a ground that is

separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce."); *Richter*, 110 F. Supp. 2d at 411 ("There is logic in favor of recognizing at least a few common law claims apart from the Carmack Amendment . . . [a] few causes of action, such as intentional infliction of emotional distress or assault by a carrier on a shipper, have nothing at all to do with the transportation of goods.").

Thus, while some courts have held that the Amendment preempts claims alleging damage to real or other property caused by a shipper during delivery, s*ee Raineri v. N. Am. Van Lines, Inc.*, 906 F. Supp. 2d 334, 340 (D.N.J. 2012), such preemption would not further the congressional intention "to create a national uniform policy regarding the liability of carriers under a bill of lading *for goods lost or damaged in shipment.*" *Shao*, 986 F.2d at 706 (emphasis added). There is no indication that the Amendment was meant to preempt claims based on damages aside from those to the "goods" shipped in interstate commerce. *See Rehm v. Baltimore Storage Co.*, 300 F. Supp. 2d 408, 415 (W.D. Va. 2004) ("[T]here is no evidence that Congress has sought to extend the reach of the Carmack Amendment to real property damage incidental to the transportation service."); *see also Rankin v. Right on Time Moving & Storage, Inc.*, 2002 WL 453245, at *9 (D. Me. 2002) (holding that "damage inflicted to the [plaintiff's] house" was "separate and apart from" the claim preempted by the Amendment).[1]

Accordingly, because the damage to Gale's home and non-shipped goods due to the alleged negligence of Ramar's employees is not preempted by the Carmack Amendment, to the extent that Count II seeks a remedy for such damage, or Count III is based on representations concerning conduct during delivery, they can be maintained. Otherwise, any claims under Counts I through III related to the damage or non-delivery of her transported goods are dismissed, as they fall squarely within the scope of the Carmack Amendment.

---

[1] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

A separate order follows.


July 16, 2013                                                    /s/
Date                                               Catherine C. Blake
                                                   United States District Judge